**Opinion filed November 13, 2008**



In The

# Eleventh Court of Appeals

———————

## No. 11-07-00173-CR

———————

## TONY CURTIS HOWELL, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR32087**

### M E M O R A N D U M   O P I N I O N

The jury convicted Tony Curtis Howell of failure to comply with the registration requirements for a sex offender, and the trial court sentenced him to fifteen years confinement. We affirm.

#### I. *Background Facts*

Howell was required to register as a sex offender with the Midland Police Department because of a prior conviction for indecency with a child. Howell's registration requirements included advising the MPD within seven days of any change in his job status, such as beginning or

leaving employment. Midland Police Officer Jason Wilson was responsible for verifying Howell's registration information. Officer Wilson contacted Howell in November 2005. At that time, the department's records indicated that Howell was unemployed. When Officer Wilson contacted Howell, he learned that Howell had recently quit a job at Raindance Car Wash. The department had no record of Howell working there. Officer Wilson reminded him then and again four days later of his obligation to keep all registration information, including employment, current.

Officer Wilson verified Howell's registration information again in May 2006. He first called Howell's listed employer, Kleen Kar Wash, and was told that Howell had not worked in two months. He then went to Howell's home. Howell claimed that he was still employed at Kleen Kar but that he was currently on leave. Officer Wilson called Kleen Kar again to ask about Howell being on leave. They advised him that Howell was not employed there, and the manager provided a written statement verifying that Howell had not worked at Kleen Kar since March 10, 2006. Officer Wilson then arrested Howell for failing to comply with his registration requirements.

## II. *Issues*

Howell challenges his conviction with one issue, contending that the evidence is legally or, alternatively, factually insufficient.

## III. *Discussion*

### A. *Standard of Review.*

To determine if the evidence is legally sufficient, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The factfinder may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the

2

verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Id*. at 414-15.

      *B. Analysis.*

      Howell argues that the evidence is legally or factually insufficient because he believed he was still employed and, therefore, he had no obligation to report a change in job status. It was undisputed that Howell physically worked at Kleen Kar from December 5, 2005, through March 10, 2006. It was also undisputed that, after March 10, Howell regularly called the car wash to see about returning to work. The dispute is whether Howell had a duty to report a change in job status after March 10.

      Janell Neidecken, Kleen Kar's manager during this period of time, testified that Howell simply did not show up for work for two weeks. She assumed he had quit and documented his file accordingly. When Howell called two weeks later, he told Neidecken that he had been out of town. Neidecken told him that he had been replaced on the schedule but that he could call back. Neidecken testified that no reasonable person would have thought they were still employed and that there was no reason why Howell would be confused about his work status.

      Howell's indictment alleged that he intentionally, knowingly, and recklessly failed to report his change of employment. If proven, this is a violation of TEX. CODE CRIM. PROC. ANN. art. 62.102(a) (Vernon 2006). For purposes of this statute:

> A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX. PENAL CODE ANN. § 6.03(c) (Vernon 2003).

      A rational factfinder could find beyond a reasonable doubt that Howell recklessly failed to report his change in job status. A rational juror could easily determine that Howell quit his employment when he left the car wash and did not return or contact his employer for two weeks. Even if there was some initial confusion, a rational juror could conclude that Howell knew he was unemployed well before May. Howell was notified in writing of his reporting requirements, and

3

Officer Wilson reminded him of his obligation to keep employment information current just months previously. The evidence is, thus, legally sufficient to support his conviction.

The evidence is also factually sufficient. Howell had worked on and off at the car wash for years. Prior to leaving in March, he complained about not getting enough help from his coworkers. Officer Wilson confirmed that Howell told him the same thing and that Howell said he intended to return to work when they got him some help. Neidecken testified that she never told him that he would not be rehired and that Howell might have assumed he could come back to work again. She also confirmed that he continued calling her for at least a month.

When the evidence is viewed in a neutral light, there is some evidence that Howell was at least initially unclear about his employment status. However, by the time Officer Wilson contacted him in May, he had not worked at the car wash for two months and had been repeatedly advised by his former manager that he had been replaced and that they had no work for him. The jury's decision that, under these circumstances, Howell at least recklessly failed to report his change in job status is not clearly wrong and manifestly unjust. Howell's issue is overruled.

## IV. *Holding*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


November 13, 2008

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.